UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NORMAN WHITE,**

    Plaintiff,

v.                                        Case No. 8:13-cv-2780-T-30AEP

**PROGRESSIVE SELECT INSURANCE
COMPANY and HUGHES INSURANCE
SERVICES, INC.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Progressive Select Insurance Company's Motion for More Definite Statement and Motion to Strike (Dkt. 9). Upon review of the motion and an independent examination of the amended complaint, the Court concludes that Plaintiff's amended complaint is subject to dismissal as a shotgun pleading.

As Defendant Progressive Select Insurance Company points out, the amended complaint is a quintessential shotgun pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals. *See Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Several of the counts incorporate by reference each allegation of the predecessor count. This pleading error results in all of the counts but the first count containing irrelevant factual allegations and legal conclusions. Under these circumstances, a district court has the inherent authority to

demand a repleader. *See Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (noting that a district court should require a plaintiff to replead a shotgun complaint).

The amended complaint also appears to be missing a page; there are no paragraphs numbered 13 through 21.

Progressive also seeks to strike Exhibit G to the amended complaint because it consists of Civil Remedy Notices from unrelated cases. It is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See, e.g., Meth Lab Cleanup, LLC v. Spaulding Decon, LLC,* 2011 WL 398047, at *1 (M.D. Fla. 2011). A review of the allegations related to Exhibit G demonstrates that Plaintiff included the Civil Remedy Notices from other cases as examples of Progressive's fraudulent practice of utilizing falsified UN/UIM rejection forms to deny uninsured/underinsured motorist coverage benefits. In other words, Exhibit G relates to Plaintiff's fraud claim against Progressive. Accordingly, the Court seeks no reason to strike Exhibit G at this point.

It is therefore ORDERED AND ADJUDGED that:

1. Progressive's Motion for More Definite Statement and Motion to Strike (Dkt. 9) is granted to the extent that Plaintiff shall replead the amended complaint within fourteen (14) days of this Order. The Motion is denied with respect to the request that the Court strike Exhibit G.

2. Progressive shall file its response within fourteen (14) days of service of Plaintiff's second amended complaint.

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2013.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2780.mtdismiss-shotgun.frm